IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NATIONAL FIRE AND MARINE
INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**LEE LINDEMANN, Special Administrator
of the Estate of SUE ANN LINDEMANN, et al.,**

**Defendants.**                                   No. 3:15-cv-910-DRH-DGW

### Order

**HERNDON, District Judge:**

This matter is before the Court on Plaintiff National Fire and Marine Insurance Company's motion for summary judgment (Doc. 95). Defendants have responded and oppose the motion as premature, or in the alternative, they request the Court to defer consideration of plaintiff's motion for summary judgment pursuant to FEDERAL RULE OF CIVIL PROCEDURE RULE 56(d) (Docs. 100 & 101). The Court agrees with the defendants.

Rule 56(d) allows a nonmoving party to submit an affidavit or declaration requesting the court to defer considering or deny a summary judgment motion "in order to allow for appropriate discovery to address matters raised by the [summary judgment] motion. *Spierer v. Rossman*, 798 F.3d 502 (7th Cir. 2015). Rule 56(d) provides:

> "When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order."

As a result, "Rule 56 permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that "it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d). *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627-28 (7th Cir. 2014). Rule 56(d) places the burden on the summary judgment non-movant to state the reasons why it cannot adequately respond to the summary judgment motion without further discovery. *Id*. at 628, quoting *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006).

Based a review of the pleadings, Defendants have made a sufficient showing of good cause for their inability to respond to National Fire and Marine Insurance Company's motion at this time. Magistrate Judge Wilkerson directed that initial written discovery be served on the opposing parties no later than December 18, 2016, with depositions to be taken by March 1, 2016 (Doc. 98). The Scheduling Order went on to state that discovery shall be completed by August 1, 2016. Plaintiff filed the pending motion on December 11, 2015, and tendered its interrogatories and requests for production one week later (Docs. 100 & 101). As a result, defendants contend that issues of material fact clearly remain in this case, and more importantly, National Fire and Marine Insurance Company is in

possession of information and documents pertaining to the issues addressed in the motion for summary judgment. Therefore, defendants argue that summary judgment is improper at this stage, given the fact that they "cannot present all facts essential to justify its opposition of National Fire's Motion for Summary Judgment because material pertaining to such facts is in the possession of National Fire, not [defendants]" (Docs. 100 & 101).

The Court believes that at this time, the nonmoving parties have insufficient facts to respond to the summary judgment motion. Accordingly, the Court **DENIES at this time with leave to re-file** plaintiff's motion for summary judgment (Doc. 95). A summary judgment motion filed after the benefit of discovery would be more useful for the Court to efficiently decide whether summary judgment is warranted in this case.

**IT IS SO ORDERED**.

Signed this 26th day of January, 2016

Digitally signed by Judge David R. Herndon
Date: 2016.01.26 06:56:22 -06'00'

**United States District Court Judge**