IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATIONAL FIRE AND MARINE
INSURANCE COMPANY,

Plaintiff,

v.

LEE LINDEMANN, S*pecial Administrator of the
Estate of Sue Ann Lindeman*, and ST.
ELIZABETH'S HOSPITAL OF THE SISTERS
OF THE THIRD ORDER OF ST. FRANCIS,

Defendants;                                              Case No. 15-cv-910-DRH-DGW

And,

ST. ELIZABETH'S HOSPITAL OF THE
SISTERS OF THE THIRD ORDER OF ST.
FRANCIS,

Cross-Claimant

v.
ERICK FALCONER, MIDWEST EMERGENCY
DEPARTMENT SERVICE, INC., NATIONAL FIRE
AND MARINE INSURANCE COMPANY, and WESTERN
HEALTHCARE, LLC.

Cross-Defendants;

And,

MIDWEST EMERGENCY DEPARTMENT
SERVICE, INC.,

**Cross-Claimant,**

## ORDER

**HERNDON, District Judge:**

Pending before the Court is Plaintiff National Fire and Marine Insurance Company's sealed motion to reconsider and vacate the Court's September 27, 2017 Order granting release of escrowed funds (Doc. 145). Defendant Lee Lindemann, Special Administrator of the Estate of Sue Ann Lindemann, deceased, opposes the motion (Doc. 150). For the reasons stated below, plaintiff's motion is denied.

In the exhibits provided by National Fire accompanying its motion to reconsider, National Fire included the state court transcript where the settlement terms were placed on the record and it was clearly stated that the decision of this Court would be honored by the parties and considered final (Doc. 147). At Doc. 148, in a letter from National Fire's counsel, plaintiff's counsel herein, to underlying medical malpractice plaintiff's counsel, Mr. Cook, National Fire's position had changed, and National Fire was then reserving the right to appeal a decision of this Court. At that time, the agreement between the parties was for the money deposited with the Court to be left on deposit until the "resolution of the matter." The Court will soon be entering an order denying National Fire's motion for summary judgment (Doc. 133) due to its refusal to provide discovery in this case. In light of the change in positions of the parties, the unreasonable delay in this litigation by the plaintiff, and the fact that National Fire is not prejudiced by

the distribution of the money on deposit, the Court refuses to reconsider it prior order directing the Clerk of Court to distribute the money on deposit to underlying malpractice plaintiff Lindemann and her estate's counsel Mr. Cook.

The Court notes that if National Fire loses this case, and at that time, if the Court still has the escrowed funds on deposit, the Court will pay the proceeds to the underlying medical malpractice plaintiff— the Estate of Sue Ann Lindemann. In the event that National Fire prevails and the escrowed funds are still on deposit with the Court, the Court shall return the money back to National Fire, and St. Elizabeth's shall pay the exact sum of money to the underlying medical malpractice plaintiff. In the event that National Fire prevails and the Court has already distributed the escrowed funds to the underlying medical malpractice plaintiff pursuant to the motion at issue (Doc. 131), St Elizabeth's shall pay the exact sum of money to National Fire. Clearly, National Fire is not prejudiced by this early distribution despite its argument to the contrary.

Accordingly, the motion to reconsider and vacate the Court's September 27, 2017 Order granting release of escrowed funds (Doc. 145) is **DENIED**. The Court's stay regarding payment of escrow funds to the Estate of Sue Ann Lindemann is hereby lifted.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.10.10 16:02:50 -05'00'

**United States District Judge**