IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATIONAL FIRE AND MARINE
INSURANCE COMPANY,

Plaintiff,

v.

LEE LINDEMANN, Special Administrator of the
Estate of Sue Ann Lindeman, and ST.
ELIZABETH'S HOSPITAL OF THE SISTERS
OF THE THIRD ORDER OF ST. FRANCIS,

Defendants;

No. 15-cv-910-DRH-DGW

And,

ST. ELIZABETH'S HOSPITAL OF THE
SISTERS OF THE THIRD ORDER OF ST.
FRANCIS,

Cross-Claimant

v.

ERICK FALCONER, MIDWEST EMERGENCY
DEPARTMENT SERVICE, INC., NATIONAL FIRE
AND MARINE INSURANCE COMPANY, and WESTERN
HEALTHCARE, LLC.

Cross-Defendants;

And,

MIDWEST EMERGENCY DEPARTMENT
SERVICE, INC.,

Cross-Claimant.

## ORDER

**HERNDON, District Judge:**

Pending before the Court is defendant-crossclaim plaintiff, St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis ("St. Elizabeth's"), motion to strike National Fire and Marine Insurance Company's reply in support of its appeal of Magistrate Judge Wilkerson's May 8, 2018 Order denying its motion for leave to file a second amended complaint (Doc. 189). National Fire opposes the motion (Doc. 190). Based on the following, the Court grants the motion to strike.

St. Elizabeth's argues that "National Fire's filing of its reply brief in violation of this Court's Local Rules is part of its pattern and practice of ignoring case law, the Federal Rules of Civil Procedure, and this Court's Local Rules in its ongoing effort to delay, impede, and obfuscate these proceedings. The Seventh Circuit has held that a District Court has the power to strike pleadings where same fail to comply with local court rules. *Rosemary B. on behalf of Michael B. v. Board of Education of Comm. High School Dist. #155*, 52 F.3d. 156, 158-59 (7th Cir. 1995). National Fire's violation of this Court's Local Rules requires that its reply Brief be stricken."  (Doc. 189). In response, National Fire argues that Local Rule 73.1 governs its appeal, and that rule does not limit the filing of reply briefs to "exceptional circumstances". (Doc. 190).

The Court finds that National Fire's assertions blatantly misrepresent the applicable rules governing the pending appeal, as both 28 U.S.C. § 636, and Local Rule 73.1 are silent regarding reply briefs. National Fire's assertions that Section

636 and Local Rule 73.1 permit the filing of reply briefs in support of appeals of magistrate judge's decisions without limitation are unsubstantiated and mischaracterize the language of the rules. Neither Section 636 nor Local Rule 73.1 contemplates the filing of reply briefs in such a way that permits National Fire to make such baseless arguments in opposition of the motion to strike. Furthermore, it is both well-known and well-documented that in this district, reply briefs are "not favored," except in the event that the filer states exceptional circumstances justifying the reply brief.

Not only has National Fire's counsel made legal misrepresentations to this Court, but he failed to adhere to a well-known local practice. The Court finds that the arguments raised in National Fire's reply clearly do not qualify as exceptional circumstances. Therefore, the Court **GRANTS** St. Elizabeth's motion to strike National Fire's reply brief (Doc. 189). The Clerk is **DIRECTED** to **STRIKE** National Fire's Reply in Support of its Appeal (Doc. 188).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.13
13:43:30 -05'00'

**United States District Court Judge**